**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5611

DAVID COLEMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-95-4)

Submitted: June 20, 1996

Decided: July 16, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. Harris, Morgantown, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Coleman appeals the 40-month sentence imposed by the district court after he pled guilty to conspiracy to distribute crack cocaine, 21 U.S.C.A. § 846 (West Supp. 1996). He contends that the district court clearly erred in refusing to give him a minimal role or a minor role adjustment. United States Sentencing Commission, Guidelines Manual § 3B1.2 (Nov. 1994). We affirm.

During an investigation into drug trafficking in an area of Wheeling, West Virginia, Coleman approached two confidential informants on two separate occasions. On the first occasion, Coleman arranged for them to buy crack from an unidentified male. On the second occasion, he arranged a sale by co-defendants Nicole Moseby and Dickie Leeper. Coleman was paid in crack each time. At his guilty plea hearing, the government agent testified that Coleman had an agreement with Moseby, Leeper, and others by which he facilitated their crack sales in return for crack for his own use.

As part of the plea agreement, the government stipulated that Coleman's relevant conduct involved less than a gram of crack and agreed to recommend a minimal role adjustment. The probation officer, however, recommended no mitigating role reduction because Coleman understood the activities of his co-conspirators and because he actively promoted crack sales. The probation officer also pointed out that Coleman was being held responsible only for the two transactions with the confidential informants. Both Coleman and the government objected to the probation officer's recommendation and argued for the adjustment at the sentencing hearing. However, the district court agreed with the probation officer and found that Coleman was not a minimal participant.

A minimal role adjustment may be given if the sentencing court finds that the defendant was "plainly among the least culpable of those involved in the conduct of the group," as indicated by his "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." USSG§ 3B1.2, comment. (n.1). The adjustment is meant to be used infrequently. USSG § 3B1.2,

2

comment. (n.2). It is the defendant's burden to prove to the district court by a preponderance of the evidence that he is entitled to the adjustment. United States v. Reavis, 48 F.3d 763, 769 (4th Cir.), cert. denied, 63 U.S.L.W. 3890 (U.S. June 19, 1995) (No. 94-9316).

In making its determination, the district court is to "not only compare the defendant's culpability to that of other participants, but also `measur[e] each participant's individual acts and relative culpability against the elements of the offense of conviction.'" Id. (quoting United States v. Daughtrey, 874 F.2d 213, 216 (4th Cir. 1989)). The district court's decision is reviewed for clear error. Reavis, 48 F.3d at 768.

Coleman argued that the adjustment should apply because he was primarily a crack user interested in obtaining crack for his personal use. However, he presented no evidence which would have given the court a different understanding of his role in the conspiracy. Consequently, we find that the district court did not clearly err in adopting the probation officer's recommendation.

Coleman also contends that the district court clearly erred in failing to consider a two-level adjustment for a minor role. USSG § 3B1.2(b). A minor participant is one who "is less culpable than most other participants, but whose role could not be described as minimal." Id. A defendant whose conduct is somewhere between "minor" and "minimal" may receive a three-level reduction. Coleman did not request either a two-level or three-level adjustment in the district court. We find that the district court did not plainly err in failing to address the issue or in failing to make a two-level or three-level reduction.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3